99 F.3d 1146
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
James A. LAKE, Plaintiff-Appellant,
v.
SACRAMENTO SAVINGS BANK, a California corporation, and DOES
1-20, Defendant-Appellee.
 No. 95-15686.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted July 10, 1996.
Decided Sept. 30, 1996.
 
 Before: WOOD,* CANBY, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 James A. Lake, a former vice-president of Sacramento Savings Bank ("the Bank"), filed this action against the Bank under the Employee Retirement Income Security Act, ERISA, 29 U.S.C. § 1132, alleging that the Bank terminated his employment in retaliation for his past use of sick leave and to deprive him of future ERISA benefits. 29 U.S.C. §§ 1132, 1140. Lake appeals the district court's judgment as a matter of law in favor of the Bank pursuant to Fed.R.Civ.P. 52(c). He also appeals the court's denial of his motion for a new trial. We have jurisdiction under 28 U.S.C. § 1291. We affirm the district court's judgment in favor of the Bank and the denial of Lake's new trial motion.
 
 I.
 
 3
 We need not set forth the facts relevant to Lake's claim because the parties are familiar with them. Lake argues that the district court erred in granting the Bank's motion for judgment as a matter of law pursuant to Fed.R.Civ.P. 52(c). We review for clear error the factual findings underlying the district court's ruling on the Rule 52 motion, giving great deference to the district court's credibility determinations. Anderson v. Bessemer City, 470 U.S. 564, 573-76 (1985).
 
 
 4
 To prevail in his section 1140 claim, Lake had to demonstrate that the Bank discharged him because of its specific intent to interfere with rights protected under ERISA. See Dytrt v. Mountain State Tel. & Tel. Co., 921 F.2d 889, 896 (9th Cir.1990). As both parties acknowledge, Cinnamon's and Hartley's testimony was central to determining the Bank's motivation for terminating Lake's employment. The court found that the women's testimony "was unquestionably credible and persuasive." Their testimony and the lack of evidence regarding the Bank's intent to interfere with ERISA benefits supports the district court's finding that the Bank terminated Lake solely because it believed that he was attempting to use Bank documents for fraudulent purposes.
 
 
 5
 We conclude that the district court's findings regarding the Bank's motivation for terminating Lake's employment were not clearly erroneous, and that the district court properly granted the Bank's Rule 52(c) motion. We also conclude that the district court did not abuse its discretion in denying Lake's motion for a new trial.[1]
 
 II.
 
 6
 We have examined Lake's other arguments regarding the district court's evidentiary rulings, factual and legal findings, and alleged misconduct. We conclude that these arguments lack merit; even if they were meritorious, none would warrant reversal of the district court's judgment.
 
 
 7
 The judgment of the district court is AFFIRMED.
 
 
 
 *
 The Honorable Harlington Wood, Jr., Senior United States Circuit Judge for the Seventh Circuit, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir.R. 36-3
 
 
 [1]
 Because we uphold the district court's finding regarding the Bank's legitimate business reason for terminating Lake, his retaliation claim also must fail. We therefore need not reach the issue of whether sick leave is a payroll practice excluded from ERISA coverage under 29 C.F.R. § 2510.3-1